

**JASSY VICK CAROLAN LLP**
JEAN-PAUL JASSY, Cal. Bar No. 205513
  jpjassy@jassyvick.com
KEVIN VICK, Cal. Bar No. 220738
  kvick@jassyvick.com
800 Wilshire Blvd., Suite 800
Los Angeles, California 90017
Telephone:  310-870-7048
Facsimile:   310-870-7010

Attorneys for Plaintiff T.C.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA– WESTERN DIVISION

| | |
|---|---|
| T. C., a minor, by his guardian and parent TOM CHAU,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>JERRY MEDIA LLC, a Delaware corporation; MICK PURZYCKI, an individual; and DOES 1 through 10, inclusive,<br><br>　　　　　　Defendants. | **Case No. 2:17-cv-6943**<br><br>**COMPLAINT FOR:**<br><br>1. **VIOLATION OF COMPUTER FRAUD AND ABUSE ACT, 18 U.S.C. § 1030;**<br><br>2. **VIOLATION OF CALIFORNIA COMPREHENSIVE COMPUTER DATA ACCESS AND FRAUD ACT, CAL. PENAL CODE § 502, ET SEQ.;**<br><br>3. **CONVERSION;**<br><br>4. **TRESPASS TO CHATTELS;**<br><br>5. **VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200; and**<br><br>6. **UNJUST ENRICHMENT/ RESTITUTION**<br><br>**[DEMAND FOR JURY TRIAL]** |

Plaintiff T. C., by his guardian and parent Tom Chau and his attorneys, alleges against defendants Jerry Media LLC ("Jerry Media") and Mick Purzycki ("Purzycki") (collectively, "Defendants") as follows:

## GENERAL ALLEGATIONS

1. This case arises from a shameful attempt by a company and its CEO to seize control of the valuable property of a California minor and to steal the fruits of that minor's labor.

2. In 2014, Plaintiff T.C., then 14 years old, started his Instagram account @3.1415926535897932384626433832, available at https://www.instagram.com/3.1415926535897932384626433832/.[1]  T.C. worked very hard on his Instagram account, as evinced by the 10,995 posts to the account to date. As a result of his hard work and ingenuity, T.C.'s account has attracted 2.6 million followers. The success of the account has allowed T.C. to earn money through, for example, advertising connected to the account, which has enabled him to contribute to the down payment on his family's house and save money to attend college.

3. In May 2016, Defendants Jerry Media LLC ("Jerry Media"), through its Chief Executive Officer Mick Purzycki, entered into a purported Strategic Advisor Agreement with T.C. that allowed Jerry Media to post promotional content on T.C.'s popular Instagram account. That agreement, to the extent it was ever valid, was voidable because it was made when T.C. was only 16 years old. In any event, the term of the purported agreement was for just one year and, to the extent it was ever valid, the agreement automatically terminated in May 2017. For the sake of avoidance of doubt, T.C. provided written notice of termination to Defendants later in

---

[1] 3.1415926535897932384626433832 is a numerical representation of $\pi$ to the 28th decimal place.

2017.

4. In response, Defendants illegally accessed and seized control of T.C.'s Instagram account and changed the password to lock T.C. out of his own account. Defendant Purzycki also threatened T.C. in a reprehensible attempt to bully a minor into ceding control of the account that he had worked so hard to create and develop.

5. After illegally seizing control of the account and changing the password, Purzycki falsely promised that Defendants would allow Plaintiff to regain access to Plaintiff's Instagram account when, in fact, Defendants provided Plaintiff with a password that was invalid when Plaintiff attempted to access the account and may never have been valid. Defendants only made the false promise in order to induce Plaintiff's reliance and delay and prejudice Plaintiff's ability to take the legal measures necessary to regain access to and control of his Instagram account. In the meantime, Defendants have continued to commercially exploit and illicitly profit from T.C.'s Instagram account by wrongfully accessing the account and placing advertisements in an improper effort to deliver Defendants' services to actual and/or potential buyers and/or customers of such services, or otherwise influence such buyers and/or customers, through Plaintiff's account despite Defendants' lack of any legal right to do so.

## THE PARTIES

6. Plaintiff T.C. is a minor who resides in the Central District of California and is a citizen of California. He brings this suit through his parent and guardian, Tom Chau, and his attorneys.

7. Defendant Jerry Media is a Delaware limited liability company that regularly conducts business in the Central District of California, including past business with Plaintiff. Upon information and belief, Jerry Media's headquarters is in the State of New York, and each of its partners and/or members, including Defendant Purzycki, are citizens of states other than California.

COMPLAINT

8. Defendant Mick Purzycki is the Chief Executive Officer of Jerry Media. He regularly conducts business in the Central District of California, including past business with Plaintiff. Upon information and belief, Purzycki is a citizen of the State of New York.

9. The true names and capacities of the defendants sued herein as DOE defendants 1 through 10, inclusive, are currently unknown to T.C., who therefore sues such defendants by fictitious names. Each of the defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. T.C. will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE defendants when such identities become known.

## JURISDICTION & VENUE

10. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this action alleges violations of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030. Jurisdiction is also independently proper pursuant to 28 U.S.C. § 1332 based upon the diversity of parties and the amount in controversy, which is greater than $75,000, exclusive of interest and costs.

11. Venue is proper in the United States District Court for the Central District of California, Western Division, pursuant to 28 U.S.C. § 1391(c)(1) because Plaintiff is domiciled in Los Angeles County, California and, alternatively, pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred here and/or a substantial part of the property that is the subject of the action is situated here.

///

# FIRST CLAIM

## (COMPUTER FRAUD AND ABUSE ACT, 18 U.S.C. § 1030)

### (Against all Defendants)

12. Plaintiff realleges and incorporates by reference, as if fully set forth herein, the allegations in paragraph 1 through 11 above.

13. Plaintiff's Instagram account is stored on protected computers, computer systems and/or computer networks, which are connected to the Internet and used in interstate commerce.

14. Defendants knowingly and intentionally accessed Plaintiff's Instagram account and the protected computers, computer systems and/or computer networks without authorization or in excess of any authorized access, and as a result of such conduct, recklessly caused damage. Defendants used their unauthorized access in order to change the password on Plaintiff's account and lock Plaintiff out of his own account, so that Defendants could seize control of the account and commercially exploit it despite their lack of legal right to do so. For example, Defendants have knowingly caused the transmission of advertisements on the Plaintiff's Instagram account and the protected computers, computer systems and/or computer networks without authorization and, as a result of such conduct, have intentionally caused damage and continue to cause such damage.

15. Defendants' access to and modification of Plaintiff's Instagram account and the protected computers, computer systems and/or computer networks has harmed Plaintiff by, among other things, denying him access to and control over his account, denying him the ability to manage, develop and commercially exploit the account and derive revenue from it, and, upon information and belief, degrading the value of the account through Defendant's misuse of it while Plaintiff remains locked out. Defendants also have forced Plaintiff to expend resources to investigate and address the unauthorized access and use of his Instagram account. Upon information and belief, Defendants' unauthorized access and wrongful control has also caused

additional still unknown damages that Defendant have concealed from Plaintiff through their scheme to lock Plaintiff out of the account.  Plaintiff's total losses exceed $5,000 in an amount to be proven at trial.

## SECOND CLAIM
## (CALIFORNIA PENAL CODE §§ 502, et seq.)
## (Against all Defendants)

16. Plaintiff realleges and incorporates by reference, as if fully set forth herein, the allegations in paragraph 1 through 11 above.

17. Plaintiff's Instagram account is stored on protected computers, computer systems and/or computer networks, which are connected to the Internet.

18. Defendants knowingly accessed Plaintiff's Instagram account and the protected computers, computer systems and/or computer networks without authorization or in excess of any authorized access.

19. Defendants knowingly accessed Plaintiff's Instagram account and the protected computers, computer systems and/or computer networks without authorization or in excess of any authorized access, and also altered and/or used Plaintiff's Instagram account and the protected computers, computer systems and/or computer networks to carry out a scheme to wrongfully seize control of and commercially exploit Plaintiff's account, and/or to illicitly obtain money, property or data.

20. Defendants knowingly accessed Plaintiff's Instagram account and the protected computers, computer systems and/or computer networks without authorization and added and/or altered data, computer software, and/or computer programs residing on Plaintiff's Instagram account and/or the protected computers, computer systems and/or computer networks.

21. Defendants knowingly accessed Plaintiff's Instagram account and the protected computers, computer systems and/or computer networks without

1  authorization and/or provided a means of accessing on Plaintiff's Instagram account
2  or the protected computers, computer systems and/or computer networks.
3      22.    Defendants' access, use, modification and/or alteration of Plaintiff's
4  Instagram account and the protected computers, computer systems and/or computer
5  networks, as described above, has harmed and damaged Plaintiff in an amount to be
6  proven at trial.

## THIRD CLAIM
## (CONVERSION)
## (Against all Defendants)

11      23.    Plaintiff realleges and incorporates by reference, as if fully set forth
12  herein, the allegations in paragraph 1 through 11 above.
13      24.    Plaintiff owns and has a right to possess and control his Instagram
14  account.
15      25.    Defendants have substantially interfered with Plaintiff's Instagram
16  account by knowingly and intentionally seizing possession and control of the account,
17  locking Plaintiff out of the account, and commercially exploiting the account by
18  running their unauthorized advertisements on it in an improper effort to deliver
19  Defendants' services to actual and/or potential buyers and/or customers of such
20  services, or otherwise influence such buyers and/or customers, through Plaintiff's
21  account despite Defendants' lack of any legal right to do so.
22      26.    Plaintiff did not consent to Defendants' seizure of the Instagram account,
23  their locking him out of the account, or their commercial exploitation of it.
24      27.    Plaintiff has suffered harm and been damaged as a result of Defendants'
25  conduct in an amount to be proved at trial. Furthermore, because Defendants'
26  conduct was oppressive, fraudulent and/or malicious, Plaintiff is entitled to
27  exemplary and punitive damages against Defendants under California Civil Code §
28  3294.

## FOURTH CLAIM

## (TRESPASS TO CHATTELS)

## (Against all Defendants)

28. Plaintiff realleges and incorporates by reference, as if fully set forth herein, the allegations in paragraph 1 through 11 above.

29. Plaintiff owns and has a right to possess and control his Instagram account.

30. Defendants have substantially interfered with Plaintiff's possession and use of his Instagram account by knowingly and intentionally seizing possession and control of the account, locking Plaintiff out of the account, and commercially exploiting the account by running their unauthorized advertisements on it in an improper effort to deliver Defendants' services to actual and/or potential buyers and/or customers of such services, or otherwise influence such buyers and/or customers, through Plaintiff's account despite Defendants' lack of any legal right to do so.

31. Plaintiff did not consent to Defendants' seizure of the Instagram account, their locking him out of the account, or their commercial exploitation of it.

32. Plaintiff has suffered harm and been damaged as a result of Defendants' conduct in an amount to be proved at trial. Furthermore, because Defendants' conduct was oppressive, fraudulent and/or malicious, Plaintiff is entitled to exemplary and punitive damages against Defendants under California Civil Code § 3294.

///

# FIFTH CLAIM

**(Unfair Competition in Violation of California Bus. & Prof. C. § 17200)**

**(Against all Defendants)**

33. Plaintiff realleges and incorporates by reference, as if fully set forth herein, the allegations in paragraph 1 through 11 above.

34. Based on the conduct described above, Defendants have engaged in unlawful, unfair and fraudulent business acts and practices in violation of California Business & Professions Code section 17200, et seq.

35. As a result of Defendants' conduct, Plaintiff has suffered substantial and irreparable harm constituting an injury for which Plaintiff has no adequate remedy at law.  Unless the Court enjoins Defendants' conduct, Plaintiff will continue to suffer irreparable harm.  Plaintiff also is entitled to restitution, as well as temporary, preliminary, and permanent injunctive relief, pursuant to California Business & Professions Code section 17203.

# SIXTH CLAIM

**(Unjust Enrichment/Restitution)**

**(Against All Defendants)**

36. Plaintiff realleges and incorporates by reference, as if fully set forth herein, the allegations in paragraph 1 through 11 above.

37. Defendants have received a benefit at the expense of Plaintiff, and Defendants have unjustly retained that benefit.

38. As a result, Plaintiff is entitled to damages and/or restitution as a result of Defendants' unjust enrichment, including the disgorgement of all monies unjustly retained by Defendants.

///

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief and judgment as follows:

1. For damages in an amount to proven at trial, but no less than $75,000;
2. For exemplary and punitive damages as provided by law;
3. For temporary, preliminary and permanent injunctive relief, including as follows: an order requiring Defendant to provide Plaintiff access to and control of Plaintiff's Instagram account @3.1415926535897932384626433832, and also prohibiting Defendants from further accessing Plaintiff's account or his computers, computer systems and/or computer networks, or engaging in any other conduct inconsistent with Mr. Chau's ownership and control of his Instagram account;
4. For restitution as provided by law;
5. For costs of suit;
6. For attorneys' fees as provided by law;
7. For prejudgment interest according to law; and
8. For such other relief as the Court deems just and proper.

Dated: September 20, 2017          JASSY VICK CAROLAN LLP

By:     /s/ Jean-Paul Jassy    
          Jean-Paul Jassy

Attorneys for Plaintiff T.C.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury in this action.

Dated:  September 20, 2017         JASSY VICK CAROLAN LLP

By:     /s/ Jean-Paul Jassy___
         Jean-Paul Jassy

Attorneys for Plaintiff T.C.